

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|   |   |
|---|---|
| In Re VIOXX® Products Liability Litigation ) ) ) ) ) ) | MDL Docket No. 1657 |

## MERCK & CO., INC.'S MOTION FOR COORDINATED PRE-TRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407 and Rule 7.1(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Merck & Co., Inc. ("Merck") respectfully moves the Judicial Panel on Multidistrict Litigation (the "Panel") for an order transferring and coordinating all cases alleging personal injury and/or economic loss arising out of the purchase and/or use of VIOXX® currently pending in the federal courts (identified in Merck's Rule 7.2(a)(ii) Schedule) (the "VIOXX® Product Liability Lawsuits") to the United States District Court for the District of Maryland or, in the alternative, the United States District Court for the Southern District of Indiana or the United States District Court for the Northern District of Illinois. In further support of its motion, Merck states as follows:

1.  The VIOXX® Product Liability Lawsuits identified on Merck's Rule 7.2(a)(ii) Schedule allege claims for personal injury, medical monitoring, and/or economic loss arising

from the purchase and use of Merck's prescription medicine VIOXX®. The claims sound in negligence, strict liability, breach of express and implied warranty, and misrepresentation, and/or are made under state consumer fraud and unfair business practice statutes.

2.  Because the VIOXX® Product Liability Lawsuits raise certain overlapping questions of law and fact, and involve common discovery issues, transfer and coordination of the cases is the most efficient and just approach to their prompt adjudication.

3.  On September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo. Given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

4.  As of September 30, 41 federal cases alleging some form of recovery for plaintiffs who purchased and ingested VIOXX® were pending in 24 districts, involving a total of 378 plaintiffs (exclusive of purported class members). The publicity surrounding the withdrawal has fueled the filing of additional lawsuits. Since September 30, 2004, at least 38 additional suits have been filed in federal court, or filed in state court and removed to federal court, bringing the total to 79 federal suits pending in 37 federal district courts. These cases involve claims by 425 individuals, as well as at least 20 overlapping purported class actions.

5.  As set forth more fully in the accompanying memorandum, transfer of the VIOXX® Product Liability Lawsuits (listed on Merck's Rule 7.2(a)(ii) Schedule) to the District of Maryland or, in the alternative, to the Southern District of Indiana or Northern District of Illinois, for coordinated pretrial proceedings under 28 U.S.C. § 1407, will eliminate duplicative

discovery, avoid conflicting pretrial rulings, conserve the resources of the judiciary, and otherwise promote the just and efficient conduct of all actions.

6. The District of Maryland is the most appropriate transferee forum because, *inter alia*: (1) it is one of only four federal courts to have had at least three separate VIOXX® cases on its docket at the time of Merck's voluntary withdrawal of VIOXX® from the market on September 30, 2004; (2) it is geographically close to, and easily accessible from, the principal sites and sources of common discovery; (3) it possesses the necessary technological and logistical resources, familiarity with large-scale MDL proceedings, and experienced judges and courtroom staff; and (4) it is a major metropolitan district court.

7. In the alternative, the Southern District of Indiana is an appropriate transferee venue, because three VIOXX® cases are pending there, and the court possesses both significant familiarity with MDL proceedings and seasoned judges who have no currently pending MDLs on their dockets. The Northern District of Illinois would also be a suitable alternative transferee venue, because it possesses the resources necessary to manage this litigation, has VIOXX® cases on its dockets, and has already been the requested venue in a plaintiffs' MDL request.

WHEREFORE, Merck requests that the Panel enter an Order transferring the VIOXX® Product Liability Lawsuits, as well as any similar or related actions that might later be filed, to the United States District Court for the District of Maryland for coordinated proceedings pursuant to 28 U.S.C. § 1407, or in the alternative, to the Southern District of Indiana or the Northern District of Illinois.

Dated: October 21, 2004

Respectfully submitted,

HUGHES HUBBARD & REED LLP

*[signature]*

Norman C. Kleinberg
Theodore V. H. Mayer
William J. Beausoleil
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000 (telephone)
(212) 422-4726 (facsimile)

Attorneys for Merck & Co., Inc.